UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| C. HUGH JONSON, | ) | CASE NO. C16-1220RSM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | ORDER GRANTING MOTION FOR |
| v. | ) | SUMMARY JUDGMENT |
| | ) | |
| TED CHEPOLIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.      INTRODUCTION

This matter comes before the Court on Defendant Ted Chepolis' Motion for Summary Judgment.  Dkt. #14.  Defendant Chepolis asks the Court to dismiss all claims against him as barred by the doctrine of *res judicata*.  *Id.*  Plaintiff opposes the motion arguing that the claims he made against Mr. Chepolis, which were previously dismissed in a state court action, were never litigated on the merits and therefore there was no final judgment and the doctrine of *res judicata* does not apply.  Dkt. #24.  Defendants Dean, Jennings, Johnston and Jacobowitz have also filed a response to Mr. Chepolis' motion, arguing that Plaintiff's opposition is false and misleading.[1]  Dkt. #30.  The Court has reviewed the parties' pleadings, along with the

---

[1]   Defendants Dean, Jennings, Johnston and Jacobowitz have not joined in the motion for purposes of asking for the dismissal of the claims against them.  Indeed, they have a separate motion to dismiss pending before this Court.  Dkt. #17.  Rather, they respond in support of Defendant Chepolis' motion on the basis that they have an interest in the matter because

ORDER
PAGE - 1

Declarations and Exhibits filed in support thereof, and now GRANTS Mr. Chepolis' motion for

the reasons stated herein.

## II.     BACKGROUND

On August 4, 2016, Plaintiff filed a lawsuit against Defendants Ted Chepolis, Henry

Dean, Phillip Jennings, Bruce Johnston, and Emanuel Jacobowitz.   He alleges various

violations of the Computer Fraud and Abuse Act ('CFAA').  Dkt. #1.  None of the parties have

presented a comprehensive factual background to this matter.  However, the Court discerns the

following facts and allegations from the pleadings and evidence filed in this matter to date.

According to Plaintiff, he was formerly the owner of a Washington corporation known

as DEEC Worldwide, Inc. ('DEEC').  Dkt. #1 at ¶ IV. 1.  Plaintiff asserts that in October or

November of 2013, he asked Defendant Chepolis to build a website (DEECWorldwide.com)

and create an associated email address for him.  *Id.*  He alleges that Mr. Chepolis agreed to

build and maintain the website along with an email for Plaintiff, for which Plaintiff would

compensate him by gifting a portion of Plaintiff's royalties on the sales of DEEC products.[2]  *Id.*

Plaintiff alleges that it was during this process when Mr. Chepolis became aware of Plaintiff's

email password, which was a version of his law enforcement badge number.  *Id.* at ¶ IV. 2.

Plaintiff then alleges that in April of 2014, Defendant Dean asked Mr. Chepolis to

'monitor' Plaintiff's email.  *Id.* at ¶ IV. 4.  Plaintiff alleges that on April 21, 2014, Mr. Chepolis

obtained an email from Plaintiff's email account that was addressed to Plaintiff's attorney, John

Cochran, and two clients of Mr. Cochran's–Mr. Thomas Gambucci and Mr. Michael Pfeiffer.

---

Defendants Jonson, Dean and Jennings are corporate officers of the company currently
indemnifying Mr. Chepolis for any costs and expenses incurred in this case.  Dkt. #30 at 1-2.

[2]   In prior state court proceedings, Mr. Chepolis has stated that he is a Shareholder in DEEC,
Inc. and that he is the registered owner of the deecworldwide.com domain, which he manages
for DEEC on dedicated server space that he leases from a commercial server host.  Dkt. #15,
Ec. C at ¶ ¶ 2-3.  Plaintiff does not dispute those facts.  Dkt. #1 at ¶ IV. 2.

ORDER
PAGE - 2

Dkt. #1 at ¶ IV. 5.   The email apparently contained an acceptance by Plaintiff to Mr. Gambucci's offer to join the Board of Directors at Mr. Gambucci's truck stop business in Florida.   *Id.* at ¶ IV. 9.   Plaintiff states that Mr. Chepolis then brought the email to Defendants Dean and Jennings, and the email, which contained some negative statements about Mr. Dean, angered Mr. Dean.   *Id.* at ¶ IV. 6.   Plaintiff alleges that, as a result, Mr. Dean terminated his (Plaintiff's) employment as President of DEEC, refused to pay Plaintiff his salary or back salary, and refused to pay the monies owed to Plaintiff for the purchase of his technology used by the business.   *Id.*

Lawsuits in the Washington State Superior Court for Skagit County followed.   DEEC apparently sued Mr. Jonson, and Mr. Jonson and another of his companies (Jonson Tug and Salvage Company) apparently sued DEEC and the current individual Defendants in the instant lawsuit.   *See* Dkt. #15, Exs. A-C.   Those cases were consolidated in the Skagit County Superior Court and eventually all claims and counterclaims were dismissed with prejudice.   Dkts. #9, Ex. A and #15, Ex. B.

Plaintiff then filed this matter, alleging various violations of the Computer Fraud and Abuse Act by the same Defendants involved in his state court law suit.[3]   Dkt. #1.   The instant motion followed.

### III.   DISCUSSION

**A. Motion to Strike**

As an initial matter, the Court addresses the request by Defendant Chepolis to strike Plaintiff's second response to the motion for summary judgment, which was untimely filed on September 21, 2016.   Dkts. #33 and #34 at 2 fn. 1.   Although the Court agrees that the second

---

[3]   Mr. Gambucci has filed nearly identical claims against the same Defendants in his own lawsuit currently pending before the Undersigned.   Case No. C16-1302RSM.

ORDER
PAGE - 3

response, which contained a response brief and a supplemental declaration, was untimely and not authorized by the Court's Local Rules, it declines to strike the filing because even if the Court considered it, the Court still finds in favor of Defendant Chepolis as discussed below.

### B. Motion for Summary Judgment

#### 1. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

#### 2. Res Judicata

Defendant Chepolis has moved to dismiss the claims against him as barred by the doctrine of *res judicata*. Mr. Chepolis argues that the claims in the instant matter should be

ORDER
PAGE - 4

dismissed because they echo those dismissed in the state court litigation and stem from the same set of operative facts.  Dkt. #14 at 5-9.  The Court agrees.

The doctrine of *res judicata* "bar[s] litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."  *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).  The United States Supreme Court has established that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984) (citing *Allen v. McCurry*, 449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982); *Haring v. Prosise*, 462 U.S. 306, 103 S. Ct. 2368, 76 L. Ed. 2d 595 (1983)).  In determining *res judicata*, federal courts apply the law of the state jurisdiction that issued the decision.  *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523, 106 S. Ct. 768, 88 L. Ed. 2d 877 (1986).  Under Washington law, *res judicata* applies where a subsequent action consists of: (1) the same subject matter, (2) the same cause of action, (3) the same persons or parties, and (4) the same quality of persons for or against whom the decision is made as did a prior adjudication.  *Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 730, 254 P.3d 818, 821 (2011).  *Res judicata* applies to matters actually litigated as well as those that "could have been raised, and in the exercise of reasonable diligence should have been raised, in the prior proceeding." *Kelly- Hansen v. Kelly-Hansen*, 87 Wn.App. 320, 328-329, 941 P.2d 1108 (1997).

This matter unquestionably involves the same subject matter as the state court litigation. A review of the Complaint in the state court litigation reveals that Plaintiffs claims in that matter stem in part from the alleged email interception:

ORDER
PAGE - 5

Defendants have conspired to commit trespass upon Mr. Jonson's private e-mail account. They monitored and stole private e-mails and submitted them as evidence in this case. The Defendants [sic] defense is that the computers and the server are "company" owned. This is false. Mr. Jonson asked Mr. Chepolis to set this e-mail account up for him and Mr. Jonson was given a private password for 'his' e-mail account. . . . [I]t was highly unlawful, illegal and unethical for Mr. Dean to instruct Mr. Chepolis to spy on Mr. Jonson's e-mail, take Mr. Jonson's e-mail and then use said e-mails in this Court Proceeding.

. . .

On or about April 23, 2014, Ted Chepolis entered the private email account of Hugh Jonson. Mr. Chepolis was able to enter because he knew Hugh's password. . . . Then Mr. Jonson asked Chepolis as to why he forwarded said e-mail to Henry Dean and Mr. Chepolis said he was told by Mr. Dean that Mr. Jonson was setting up a competing company and said e-mail was detrimental to the welfare of DEEC, Inc. . . . .

. . .

Mr. Ted Chepolis admitted taking yet another e-mail in his deposition . . . . Mr. R. Bruce Johnston asked Mr. Chepolis if he intercepted another e-mail from Mr. Jonson to Mr. Gambucci on April 21, 2014 and then if Mr. Chepolis had forwarded this same e-mail to Mr. Jennings on April 22, 2014. Mr. Chepolis answered yes to this question. . . .

Dkt. #15, Ex. A at ¶ ¶ 14, 88 and 89[sic]. The allegations in the current Complaint mirror these claims. *See* Dkt. #1 at ¶ ¶ 1-7. Likewise, the instant case involves the same parties and the same quality of persons for or against whom the decision is made as did a prior adjudication. *See* Dkts. #1 and #15, Ex. A.

Plaintiff disputes, however, that the cases involve the same claims. Dkts. #24 and #24-1. Plaintiff argues that because his dismissed claims in the state court litigation were erroneously made pursuant to criminal statutes, and not made pursuant to the CFAA, they are not subject to the doctrine of *res judicata* in this Court. *Id.* Plaintiff misunderstands the doctrine. For purposes of the second element of the *res judicata* doctrine, "[a] claim includes 'all rights of the [claimant] to remedies against the defendant with respect to all or any part of the

transaction, or series of connected transactions, out of which the action arose,' without regard to whether the issues actually were raised or litigated." *Fluke Capital & Mgmt. Servs. Co. v. Richmond*, 106 Wn.2d 614, 620, 724 P.2d 356 (1986) (alteration in original) (quoting RESTATEMENT (SECOND) OF JUDGMENTS, § 24(1) (1982)); *accord Hadley v. Cowan*, 60 Wn. App. 433, 804 P.2d 1271 (1991).  In considering whether the same cause of action exists for purposes of *res judicata*, Washington courts have identified factors to consider as analytical tools.  *Ensley v. Pitcher*, 152 Wn. App. 891, 903, 222 P. 3d. 99 (2009).  These include determinations as to whether (1) the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action, (2) substantially the same evidence is presented in the two actions, (3) the suits involved infringement of the same right, and (4) the two suits arise out of the same transactional nucleus of facts.  *Id.*

In this case, substantially the same evidence would be used to support the claims made under the CFAA as in the related state law claims.  As discussed above, Plaintiff alleges the same transactional nucleus of facts.  Although the legal elements of the claims asserted are technically different, Plaintiff seeks the same remedy (monetary damages) for the same alleged intrusion (the illegal taking of his communication which resulted in the loss of his employment).  As a result, the Court finds that the suits involve the same causes of action.

In addition, the Court notes that the parties are bound by the Orders of dismissal in the state court action, in which they dismissed their claims and counterclaims *with prejudice*.  Dkt. #9, Ex. A.  The state court order specifically stated:

> IT IS HEREBY ORDERED AND ADJUDGED that all claims raised by Plaintiffs against Chepolis, including, **but not limited to**, Violating Right of Privacy (Claim No. 6); Civil Conspiracy (Claim No. 7); Fraud on the Court (Claim No. 8); Computer Trespass and Theft (Claim No. 9); and Perjury (Claim No. 10), and all counterclaims raised, or that could have been raised, by Chepolis against Plaintiffs, **arising out of the facts and allegations set**

ORDER
PAGE - 7

**out in Plaintiffs' First Amended Complaint**, are dismissed with prejudice without payment of attorneys' fees or costs by any party.

*Id.* (emphasis added).  This Court must give that order the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra*, *supra*, 465 U.S. at 81.  For the reasons already discussed, the Court finds the claims made by Plaintiff in this Court are precluded by the doctrine of *res judicata*, and this case must be dismissed.[4]

### C.  Other Pending Motions

In addition to the instant motion, there are several other motions which remain pending before this Court.  Defendants Dean, Jennings, Johnston and Jacobowitz have filed a motion to dismiss, which is noted for consideration on October 14, 2016.  Dkt. #17.  Defendants Dean, Jennings, Johnston and Jacobowitz have also filed a motion for Rule 11 sanctions, which is noted for consideration on October 14th, and Plaintiff has filed a motion for sanctions against those Defendants noted for the same date.  All of those motions will be addressed in separate Orders.

///

///

///

///

---

[4]  Plaintiff argues that the *Rooker-Feldman* doctrine does not preclude his lawsuit. Dkt. #35. The *Rooker-Feldman* doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit which constitutes a de facto appeal of a state court decision. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). *See also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139-40 (9th Cir. 2004).  Defendant Chepolis has not raised a *Rooker-Feldman* argument in his motion.  Therefore, Plaintiff's arguments against application of the doctrine are moot.

#### IV.    CONCLUSION

Having reviewed Defendant Chepolis' Motion for Summary Judgment, the joinder in and opposition thereto, and reply in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant Chepolis' Motion for Summary Judgment (Dkt. #14) is GRANTED.  All claims brought by Plaintiff against Defendant Chepolis are DISMISSED WITH PREJUDICE, and Mr. Chepolis is dismissed as a Defendant to this action.

2. This matter remains open and pending against the remaining Defendants named in this action.

DATED this 30th day of September 2016.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE