UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| C. HUGH JONSON, | CASE NO. C16-1220 RSM |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO DISMISS |
| TED CHEPOLIS, *et al.*, | |
| Defendants. | |

## I.  INTRODUCTION

This matter comes before the Court on Defendants Philip Jennings', Henry Dean's, R. Bruce Johnston's and Emanuel Jacobowitz's Motion to Dismiss. Dkt. #17. These Defendants ask the Court to dismiss all claims against them as barred by the doctrine of *res judicata* and on the basis that the claims are time-barred, or alternatively, for an order compelling arbitration. *Id.* Plaintiff opposes the motion arguing that his claims are not barred by the doctrine of *res judicata* and that they are not time barred. Dkt. #47. Plaintiff also asserts that he never agreed to arbitrate any claims. *Id.* The Court has reviewed the parties' pleadings, along with the Declarations and Exhibits filed in support thereof, and now GRANTS Defendants' motion for the reasons stated herein.

ORDER
PAGE - 1

## II.     BACKGROUND

On August 4, 2016, Plaintiff filed a lawsuit against Defendants Ted Chepolis, Henry Dean, Phillip Jennings, Bruce Johnston, and Emanuel Jacobowitz. He alleges various violations of the Computer Fraud and Abuse Act ("CFAA"). Dkt. #1. None of the parties have presented a comprehensive factual background to this matter. However, the Court discerns the following facts and allegations from the pleadings and evidence filed in this matter to date.

According to Plaintiff, he was formerly the owner of a Washington corporation known as DEEC Worldwide, Inc. ("DEEC"). Dkt. #1 at ¶ IV. 1. Plaintiff asserts that in October or November of 2013, he asked Defendant Chepolis to build a website (DEECWorldwide.com) and create an associated email address for him. *Id.* He alleges that Mr. Chepolis agreed to build and maintain the website along with an email for Plaintiff, for which Plaintiff would compensate him by gifting a portion of Plaintiff's royalties on the sales of DEEC products.[1] *Id.* Plaintiff alleges that it was during this process when Mr. Chepolis became aware of Plaintiff's email password, which was a version of his law enforcement badge number. *Id.* at ¶ IV. 2.

Plaintiff then alleges that in April of 2014, Defendant Dean asked Mr. Chepolis to "monitor" Plaintiff's email. *Id.* at ¶ IV. 4. Plaintiff alleges that on April 21, 2014, Mr. Chepolis obtained an email from Plaintiff's email account that was address to Plaintiff's attorney, John Cochran, and two client's of Mr. Cochran's – Mr. Thomas Gambucci and Mr. Michael Pfeiffer. Dkt. #1 at ¶ IV. 5. The email apparently contained an acceptance by Plaintiff to Mr. Gambucci's offer to join the Board of Directors at Mr. Gambucci's truck stop business in Florida. *Id.* at ¶ IV. 9. Plaintiff states that Mr. Chepolis then brought the email to

---

[1] In prior state court proceedings, Mr. Chepolis has stated that he is a Shareholder in DEEC, Inc. and that he is the registered owner of the deecworldwide.com domain, which he manages for DEEC on dedicated server space that he leases from a commercial server host. Dkt. #15, Ec. C at ¶ ¶ 2-3. Plaintiff does not dispute those facts. Dkt. #1 at ¶ IV. 2.

ORDER
PAGE - 2

Defendants Dean and Jennings, and the email, which contained some negative statements about Mr. Dean, angered Mr. Dean. *Id.* at ¶ IV. 6. Plaintiff alleges that, as a result, Mr. Dean terminated his (Plaintiff's) employment as President of DEEC, refused to pay Plaintiff his salary or back salary, and refused to pay the monies owed to Plaintiff for the purchase of his technology used by the business. *Id.*

Lawsuits in the Washington State Superior Court for Skagit County followed. DEEC apparently sued Mr. Jonson, and Mr. Jonson and another of his companies (Jonson Tug and Salvage Company) apparently sued DEEC and the current individual Defendants in the instant lawsuit. *See* Dkt. #15, Exs. A-C. Those cases were consolidated in the Skagit County Superior Court and eventually all claims and counterclaims were dismissed with prejudice. Dkts. #9, Ex. A and #15, Ex. B.

Plaintiff then filed this matter, alleging various violations of the Computer Fraud and Abuse Act by the same Defendants involved in his state court law suit.[2] Dkt. #1. Former Co-Defendant, Ted Chepolis, followed with a motion for summary judgment, which this Court has already granted. Dkts. #14 and #43. The remaining Defendants filed the instant motion to dismiss largely on the same grounds as those contained in Mr. Chepolis' motion.

### III.    DISCUSSION

**A. Legal Standard for Motions to Dismiss**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the Court is not required to accept as true a "legal conclusion

---

[2] Mr. Gambucci has filed nearly identical claims against the same Defendants in his own lawsuit currently pending before the Undersigned. Case No. C16-1302RSM.

couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.  This requirement is met when the Plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Absent facial plausibility, Plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

Though the Court limits its Rule 12(b)(6) review to allegations of material fact set forth in the Complaint, the Court may consider documents for which it has taken judicial notice.  *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  Here, the Court has taken judicial notice of and considers herein the documents filed in the related state court action, which are matters of public record and/or have been incorporated in the Complaint by reference therein.  *See* Dkts. #1, #15, Exs. A-B and #18, Exs. 1-10; *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

**B. Res Judicata**

Defendants first move to dismiss the claims against them as barred by the doctrine of *res judicata*.  They argue that the claims in the instant matter should be dismissed because they echo those dismissed in the state court litigation and stem from the same set of operative facts.  Dkt. #17 at 4-6.  The Court agrees.

The doctrine of *res judicata* "bar[s] litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."  *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).  The United States Supreme Court has established that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was

rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984) (citing *Allen v. McCurry*, 449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982); *Haring v. Prosise*, 462 U.S. 306, 103 S. Ct. 2368, 76 L. Ed. 2d 595 (1983)). In determining *res judicata*, federal courts apply the law of the state jurisdiction that issued the decision. *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523, 106 S. Ct. 768, 88 L. Ed. 2d 877 (1986). Under Washington law, *res judicata* applies where a subsequent action consists of: (1) the same subject matter, (2) the same cause of action, (3) the same persons or parties, and (4) the same quality of persons for or against whom the decision is made as did a prior adjudication. *Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 730, 254 P.3d 818, 821 (2011). *Res judicata* applies to matters actually litigated as well as those that "could have been raised, and in the exercise of reasonable diligence should have been raised, in the prior proceeding." *Kelly- Hansen v. Kelly-Hansen*, 87 Wn.App. 320, 328-329, 941 P.2d 1108 (1997).

This matter unquestionably involves the same subject matter as the state court litigation. A review of the Complaint in the state court litigation reveals that Plaintiff's claims in that matter stem in part from the alleged email interception:

> Defendants have conspired to commit trespass upon Mr. Jonson's private e-mail account. They monitored and stole private e-mails and submitted them as evidence in this case. The Defendants [sic] defense is that the computers and the server are "company" owned. This is false. Mr. Jonson asked Mr. Chepolis to set this e-mail account up for him and Mr. Jonson was given a private password for 'his' e-mail account. . . . [I]t was highly unlawful, illegal and unethical for Mr. Dean to instruct Mr. Chepolis to spy on Mr. Jonson's e-mail, take Mr. Jonson's e-mail and then use said e-mails in this Court Proceeding.
>
> . . .

ORDER
PAGE - 5

> On or about April 23, 2014, Ted Chepolis entered the private email account of Hugh Jonson.  Mr. Chepolis was able to enter because he knew Hugh's password. . . .  Then Mr. Jonson asked Chepolis as to why he forwarded said e-mail to Henry Dean and Mr. Chepolis said he was told by Mr. Dean that Mr. Jonson was setting up a competing company and said e-mail was detrimental to the welfare of DEEC, Inc. . . . .
>
> . . .
>
> Mr. Ted Chepolis admitted taking yet another e-mail in his deposition . . . .  Mr. R. Bruce Johnston asked Mr. Chepolis if he intercepted another e-mail from Mr. Jonson to Mr. Gambucci on April 21, 2014 and then if Mr. Chepolis had forwarded this same e-mail to Mr. Jennings on April 22, 2014.  Mr. Chepolis answered yes to this question. . . .

Dkt. #15, Ex. A at ¶ ¶ 14, 88 and 89[sic].  Plaintiff further alleges that Mr. Dean acted with Mr. Chepolis to accomplish these actions.  *See, e.g.*, *id.* at ¶ ¶ 88-90.  He included the other individual Defendants in his allegations, as well.  *See* Dkt. #18, Ex. 2.  The allegations in the current Complaint mirror these claims.  *See* Dkt. #1 at ¶ ¶ 1-9.  Likewise, the instant case involves the same parties and the same quality of persons for or against whom the decision is made as did a prior adjudication.  *See* Dkts. #1 and #15, Exs. A and B.  Plaintiff argues that the dismissal agreement and the Order of the state court only applied to Defendant Chepolis.  Dkt. #47 at 2.  A review of the state court Order reveals that is not accurate.  Dks. #15, Ex. B.  Further, a review of the Complaint in the state court action reveals that the action involved the same individual Defendants.  Dkt. #18, Exs. 2 and 4.

Plaintiff also disputes that the cases involve the same claims.  Dkt. #47.  Plaintiff argues that the claims he brings now are "new and different."  *Id.* at 2-4.  As this Court previously ruled in dismissing Plaintiff's claims against former Co-Defendant Chepolis, Plaintiff misunderstands the *res judicata* doctrine.  For purposes of the second element of the *res judicata* doctrine, "[a] claim includes 'all rights of the [claimant] to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions,

out of which the action arose,' without regard to whether the issues actually were raised or litigated." *Fluke Capital & Mgmt. Servs. Co. v. Richmond*, 106 Wn.2d 614, 620, 724 P.2d 356 (1986) (alteration in original) (quoting RESTATEMENT (SECOND) OF JUDGMENTS, § 24(1) (1982)); *accord Hadley v. Cowan*, 60 Wn. App. 433, 804 P.2d 1271 (1991). In considering whether the same cause of action exists for purposes of *res judicata*, Washington courts have identified factors to consider as analytical tools. *Ensley v. Pitcher*, 152 Wn. App. 891, 903, 222 P. 3d. 99 (2009). These include determinations as to whether (1) the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action, (2) substantially the same evidence is presented in the two actions, (3) the suits involved infringement of the same right, and (4) the two suits arise out of the same transactional nucleus of facts. *Id.*

In this case, substantially the same evidence would be used to support the claims made under the CFAA as in the related state law claims. As discussed above, Plaintiff alleges the same transactional nucleus of facts. Although the legal elements of the claims asserted are technically different, Plaintiff seeks the same remedy (monetary damages) for the same alleged intrusion (the illegal taking of his communication which resulted in the loss of his employment). As a result, the Court finds that the suits involve the same causes of action.

In addition, the Court notes that the parties are bound by the Orders of dismissal in the state court action, in which they dismissed their claims and counterclaims *with prejudice*. Dkt. #15, Ex. B; *see also* Dkt. #18, Ex. 4. This Court must give those orders the same preclusive effect as would be given the judgment under the law of the State in which the judgment was rendered. *Migra*, *supra*, 465 U.S. at 81. For the reasons already discussed, the Court finds the

ORDER
PAGE - 7

claims made by Plaintiff in this Court precluded by the doctrine of *res judicata*, and this case must be dismissed.

Because the Court finds that Plaintiff's claims are barred by the doctrine of *res judicata*, it does not reach Defendants' statute of limitations or arbitration arguments.

**C. Other Pending Motions**

In addition to the instant motion, there are several other motions which remain pending before this Court. Defendants Dean, Jennings, Johnston and Jacobowitz have also filed a motion for Rule 11 sanctions, which is noted for consideration on October 14th, and Plaintiff has filed a motion for sanctions against those Defendants noted for the same date. Those motions will be addressed in a separate Order.

### IV.   CONCLUSION

Having reviewed Defendants' Motion to Dismiss, the opposition thereto, and reply in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Defendants' Motion to Dismiss (Dkt. #17) is GRANTED. All claims brought by Plaintiff against Defendants Jennings, Dean, Johnston and Jacobowitz are DISMISSED WITH PREJUDICE.

2. This matter is now CLOSED.

3. The Court will issue a separate Order on the remaining motions for sanctions.

DATED this 26th day of October 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE